# SWORN STATEMENT

**SUPPLEMENT** TO PREVIOUSLY FILED ORIGINAL and AMENDED EMERGENCY WRITS OF HABEAS CORPUS FILED 5/19/2015 AND 6/2/2015
PROCEEDINGS IN WR-78,-165-02 CHADRICK B. PATE
ADDING
**SWORN STATEMENT**
PURSUANT TO APPELLATE RULES 52.7 (a)(1) and (2)

## TABLE OF CONTENTS

## TABLE OF CONTENTS

### COVER SHEET

**SUPPLEMENT** TO PREVIOUSLY FILED ORIGINAL and AMENDED EMERGENCY WRITS OF HABEAS CORPUS FILED 5/19/2015 AND 6/2/2015
PROCEEDINGS IN WR-78,-165-02 CHADRICK B. PATE
ADDING
**SWORN STATEMENT**
PURSUANT TO APPELLATE RULES 52.7 (a)(1) and (2)

**INTRODUCTION PAGE 1& 2**

**SWORN STATEMENT PAGE 3**

**CERTIFICATE OF SERVICE PAGE 4**

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 17 2015

Abel Acosta, Clerk

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO. WR-78,165-02

**SUPPLEMENT** TO PREVIOUSLY FILED ORIGINAL and AMENDED EMERGENCY WRITS OF HABEAS CORPUS FILED 5/19/2015 AND 6/2/2015
PROCEEDINGS IN WR-78,-165-02 CHADRICK B. PATE
ADDING
SWORN STATEMENT
PURSUANT TO APPELLATE RULES 52.7 (a)(1) and (2)

**COVER SHEET**

## IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO. WR-78,165-02

PETITIONER PRO SE
NEMA BARDIN
P.O. BOX 772
AUSTIN, TEXAS 78767
512-487-0197
bardinnema@yahoo.com


EX PARTE
CHADRICK B PATE  TDCJ #01563340
APPLICANT REALTOR

VS..
JANNA K. WHATELY TRIAL JUDGE
STATE OF TEXAS
DIRECTOR OF TEXAS DEPT.
CRIMINAL JUSTICE

FROM CAUSE NO. A-08-5080-4CR
THE DISTRICT COURT 36TH JUDICAL
DISTRICT ARANSAS COUNTY, TEXAS


### SWORN STATEMENT

SUPPLEMENT TO  PREVIOUSLY FILED ORIGINAL and AMENDED EMERGENCY WRITS OF
HABEAS CORPUS FILED 5/19/2015 AND 6/2/2015
PROCEEDINGS IN WR-78,-165-02 CHADRICK B. PATE
ADDING
SWORN STATEMENT
PURSUANT TO APPELLATE RULES 52.7 (a)(1) and (2)


**TO THE HONORABLE JUDGE OF SAID COURT:**

Now Comes, Petitioner Nema Bardin pro se on behalf of Applicant Chadrick B. Pate and respectfully

submits this Supplement to the  previously filed Original  and  Amended  Emergency  Writs of Habeas

Corpus filings  in WR-78,165-02  Chadrick B. Pate, filed on 5/19/2015 and 6/2/2015.

The Supplement is brought to add this SWORN STATEMENT pursuant to Appellate Rules  Rule 52.7

(a) Filing by  Relator Required. Relator must file with the petition (1) a certified or sworn copy of

every document that is material  to the relator's claim for relief and that was filed in any underlying

1.

proceeding: and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was had. (b) Supplementation Permitted. After the record is filed, relator or any party to the proceeding may file additional materials for inclusion in the record and (c)(2) Services of Record on All Parties. Relator and any party who files materials for inclusion in the record must at the same time serve on each party an index listing the materials filed and describing them in sufficient detail to identify them.

Respectfully Submitted

Norma Ruiz
Petitioner pro see
P.O. Box 772
Austin, TX 78767
512 487-0197
bardinnema@yahoo.com

2

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO. WR-78,165-02

PETITIONER PRO SE
NEMA BARDIN
P.O. BOX 772
AUSTIN, TEXAS 78767
512-487-0197
bardinnema@yahoo.com

## SWORN STATEMENT
### PURSUANT TO APPELLATE RULES 52.7 (a)(1) and (2)

COUNTY of TRAVIS
STATE OF TEXAS

I Nema Bardin am the Petitioner in the above described proceedings and I swear upon penalty of perjury that each and every document that has been filed as proof of the claims in these proceedings whether they are letters, documents, exhibits affidavits or any other paper filed are either an original or true copy of such papers, and that every transcript is authentic and each and every paper was obtained from the trial court, The Appellate Record (through Pacer) or the former Defense and or former Habeas attorney's files.

SWORN AND ATTESTED TO TO THIS 15TH DAY OF JUNE, 2015.

_____
Nema Bardin
Petitioner

MARK LEHMAN LITTRELL
Notary Public, State of Texas
My Commission Expires
SEPTEMBER 20, 2017

NOTARY PUBLIC

3.

# CERTIFICATE OF SERVICE

## SWORN STATEMENT

I do hereby certify that a true original or copy of the above and foregoing SWORN STATEMENT that

is a "Supplement To Previously filed Original Habeas Corpus Proceedings in WR-78,165-02

were mailed regular mail with the proper postage affixed on 15th day of June 2015 to the following

parties,

Office of the Aransas County District Attorney
301 North Live Oak Street
Rockport, Texas 78382

Jana K. Whately Trial Judge
P O Box 700
Sinton, Texas 78797

Texas Department of Criminal Justice
TDJC Executive Director Brad Livingston
209 West 14th Street
5th Floor Price Daniel Bldg.
Austin, Texas 78701
512-463-9988

The Texas Court of Criminal Appeals Clerk
201 West 14th Street,
Austin Texas 78701

_____
Nema Bardin Petitioner

4.

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO. WR-78,165-02

### SUPPLEMENT TO ORIGINAL AND AMENDED EMERGENCY WRITS OF HABEAS CORPUS PREVIOUSLY FILED ON 5/19/2015 AND 6/2/2015 MASTER INDEX OF ALL MATERIALS FILED IN CAUSE WR-78,165-02

## TABLE OF CONTENTS

### TABLE OF CONTENTS

### COVER SHEET

### SUPPLEMENT TO ORIGINAL AND AMENDED EMERGENCY WRITS OF HABEAS CORPUS PREVIOUSLY FILED ON 5/19/2015 AND 6/2/2015 MASTER INDEX OF ALL MATERIALS FILED IN CAUSE WR-78,165-02

### EXPLANATION OF SUPPLEMENT PAGE 1

### MASTER INDEX PAGE 2 &3

### CERTIFICATE OF SERVICE PAGE

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO. WR-78,165-02

**SUPPLEMENT TO ORIGINAL AND AMENDED EMERGENCY WRITS OF HABEAS CORPUS PREVIOUSLY FILED ON 5/19/2015 AND 6/2/2015 MASTER INDEX OF ALL MATERIALS FILED IN CAUSE WR-78,165-02**

**COVER SHEET**

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO. WR-78,165-02

PETITIONER PRO SE
NEMA BARDIN
P.O. BOX 772
AUSTIN, TEXAS 78767
512-487-0197
bardinnema@yahoo.com

EX PARTE
CHADRICK B PATE  TDCJ #01563340
APPLICANT REALTOR

FROM CAUSE NO. A-08-5080-4CR
THE DISTRICT COURT 36TH JUDICAL
DISTRICT ARANSAS COUNTY, TEXAS

VS..
JANNA K. WHATELY TRIAL JUDGE
STATE OF TEXAS
DIRECTOR OF TEXAS DEPT.
CRIMINAL JUSTICE

## SUPPLEMENT TO PREVIOUSLY FILED ORIGINAL and AMENDED EMERGENCY HABEAS CORPUS PROCEEDINGS IN WR-78,-165-02 CHADRICK B. PATE adding MASTER INDEX

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes, Petitioner Nema Bardin pro se on behalf of Applicant Chadrick B. Pate and respectfully submits this supplement to the previously filed Original and Amended Emergency Habeas Corpus filings in WR-78,165-02 Chadrick B. Pate.

The supplement is brought to add a MASTER INDEX listing the materials filed and describing them in sufficient detail to identify them as per Appellate Rule 52.7 (b) Supplementation Permitted. After the record is filed, relator or any party to the proceeding may file additional materials for inclusion in the record and (c)(2) Services of Record on All Parties. Relator and any party who files materials for inclusion in the record must at the same time serve on each party an index listing the materials filed and describing them in sufficie4nt detail to identify them.

1..

# IN THE COURT OF CRIMINAL APPEALS  AUSTIN, TEXAS

# WRIT  NO. WR-78,165-02

## SUPPLEMENT TO ORIGINAL AND AMENDED EMERGENCY  WRITS OF HABEAS  CORPUS PREVIOUSLY FILED ON 5/19/2015 AND 6/2/2015

## MASTER INDEX OF ALL MATERIALS FILED IN CAUSE WR-78,165-02

**FILED 5/19/2015**

ORIGINAL WRIT OF HABEAS CORPUS  WITH LETTER  and  24 EXHIBITS  WITH COVER

SHEETS THAT DESCRIBE THE EXHIBTS

**FILED 6/2/2015**

**(1)** AMENDED EMERGENCY WRIT OF HABEAS CORPUS WITH LETTER TO CLERK AND

COVER SHEETS OF EXHIBITS DESCRIBING THE EXHIBITS PREVIOUSLY FILED IN THE

5/19/2015 PROCEEDINGS.

**(2)** EMERGENCY MOTION FOR RELIEF REQUEST FOR IMMEDIATE BAIL DECISION AND

IMMEDIATE RELIEF PURSUANT TO THE UNDERLYING ORIGINAL EMERGENCY WRIT

FOR HABEAS CORPUS WRIT.

**FILED 6/9/2015**

**(1)** EMERGENCY MOTION FOR "LEAVE TO FILE"

**(2) SUPPLEMENT** TO PREVIOUSLY FILED ORIGINAL AND  AMENDED  WRITS OF

HABEAS CORPUS PROCEEDINGS FILED ON 5/19/2015 AND 6/2/2015  IN WR-78,165-02

**ADDING PARTIES**  TO THE PROCEEDINGS

**(3)** SUPPLEMENT A PROPERLY SIGNED AND DATED **CERTIFICATE OF SERVICE** IN

2.

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO. WR-78,165-02

## CERTIFICIATE OF SERVICE

I do hereby certify that a true copy of the above and foregoing ;

## SUPPLEMENT TO ORIGINAL AND AMENDED EMERGENCY WRITS OF HABEAS CORPUS PREVIOUSLY FILED ON 5/19/2015 AND 6/2/2015 MASTER INDEX OF ALL MATERIALS FILED IN CAUSE WR-78,165-02

was mailed regular mail with the proper postage affixed on this 15th h day of June 2015 to the following parties,

Office of the Aransas County District Attorney
301 North Live Oak Street
Rockport, Texas 78382

Jana K. Whately Trial Judge
P O Box 700
Sinton, Texas 78797

Texas Department of Criminal Justice
TDJC Executive Director Brad Livingston
209 West 14th Street
5th Floor Price Daniel Bldg.
Austin, Texas 78701
512-463-9988
and
The Texas Criminal Court of Appeals
209 West 14th Street
Austin Texas 78701

_____
NEMA BARDIN PETITIONER

4.

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO. WR-78,165-02

SUPPLEMENT TO PREVIOUSLY FILED ORIGINAL and AMENDED EMERGENCY HABEAS CORPUS PROCEEDINGS IN WR-78,-165-02 CHADRICK B. PATE

TABLE OF CONTENTS

TABLE OF CONTENTS

COVER SHEET

SUPPLEMENT TO PREVIOUSLY FILED ORIGINAL and AMENDED EMERGENCY

WRITS OF HABEAS CORPUS PROCEEDINGS IN WR-78,-165-02 CHADRICK B. PATE

adding additional CLAIM/GROUNDS for relief

Claims/Grounds for relief page 1&2

Facts Supporting Claims page 2-7

Conclusion page 7

Prayer page 8

Certificate of Service page 9

List of Exhibits Supplement Cover Sheet

List of Exhibits Supplement

Exhibits # 25 & 26 with cover sheets

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO. WR-78,165-02

## SUPPLEMENT TO PREVIOUSLY FILED ORIGINAL and AMENDED EMERGENCY WRITS OF HABEAS CORPUS PROCEEDINGS IN WR-78,-165-02 CHADRICK B. PATE

### adding additional CLAIM/GROUNDS for relief

## COVER SHEET

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO. WR-78,165-02

PETITIONER PRO SE
NEMA BARDIN
P.O. BOX 772
AUSTIN, TEXAS 78767
512-487-0197
bardinnema@yahoo.com

EX PARTE
CHADRICK B PATE  TDCJ #01563340
APPLICANT REALTOR

FROM CAUSE NO. A-08-5080-4CR
THE DISTRICT COURT 36TH JUDICAL
DISTRICT ARANSAS COUNTY, TEXAS

VS..
JANNA K. WHATELY TRIAL JUDGE
STATE OF TEXAS
DIRECTOR OF TEXAS DEPT.
CRIMINAL JUSTICE

SUPPLEMENT TO PREVIOUSLY FILED ORIGINAL and AMENDED EMERGENCY

WRITS OF HABEAS CORPUS PROCEEDINGS IN WR-78,-165-02 CHADRICK B. PATE

adding additional CLAIM/GROUNDS for relief

Claim/ Grounds For Relief # 5 of 4 previously filed claims

A. The Trial Court Judge violated Applicant's Due Process Rights and committed Fraud on the Court

by the Court when she did not Acquit Applicant once the Jury found him Guilty of Murder, as alleged

in the Indictment.

B. State Prosecutors and Defense Attorney's violated Applicant's Due Process

rights and committed fraud on the court by the court when they did not move to Acquit the Applicant

on the finding of Guilt by the Jury as alleged in the Indictment.

C. The Trial Court Judge violated Applicant's due process rights, committed fraud on the court

1.

by the court, and tampered with government/state document/record when she entered one or more false statements into the Jury Charge instructions .

**D.** State Prosecutors violated Applicant's due process, committed fraud on the court by the court, and tampered with government/court records when they repeatedly made false statements and /lied to the jurors about the contents of the Indictment.

## FACTS SUPPORTING CLAIM/GROUNDS FOR RELIEF # 5

### THERE IS <u>NO EVIDENCE</u> THAT APPLICANT COMMITED THE CRIME OF MURDER
*CHARGED IN THE INDICTMENT FOR WHICH THE JURY FOUND HIM GUILTY*

The trial court record reveals that there was NO evidence showing that Applicant murdered the victim **alone** with a firearm much less intentionally or knowingly.

There is no evidence that Applicant murdered the victim **again together with** co defendant's.

If in fact Applicant murdered the victim **alone,** then he could not have then murdered him **again together** with other co defendants.

If Applicant murdered the victim **together** with co defendant's then he could not have then murdered the victim **again** while **alone.**

**Definition (alone)** : Webster's Dictionary: without anyone or anything else..not involving or including anyone.

**Definition (and)** Webster's Dictionary: used to connect words of the same part of speech, clauses, or sentences that are to be taken jointly...used to introduce an additional comment.

### THE INDICTMENT

The Grand Jury and State charged Applicant with MURDER in Count One of the Indictment. See **Ex # 2 The Indictment.**

The indictment reads: **acting alone (<u>and</u> ) together** did then and there intentionally or knowingly cause the death of an individual, namely, Aaron Watson, by shooting the said Aaron Watson with

2.

a firearm;

## THE VERDICT

The Jury found under Count One on the Verdict Form SEE **Exhibit # 25 Verdict Form** signed by

presiding juror Ronald Gore " We the Jury, find the Defendant, Chadrick B. Pate Guilty of Murder as

alleged in the Indictment".

**Therefore** The Jury found Applicant guilty of committing murder **alone** on or about January 4th 2008

when he intentionally or knowingly caused the death of Aaron Watson by shooting the said

Aaron Watson with a firearm.

The Jury also ffound Applicant guilty of committing murder **together** with other co defendants, under

the same conditions that he committed murder **alone**.

### Petitioner observes that it is impossible to murder someone twice.

Officer's of the Court continued their fraudulent scheme to illegally convict the Applicant of a crime he

did not commit by **producing** and **agreeing** to a **Jury Charge** that was designed to allow the Jurors

to believe that they could and should find Applicant Guilty of Murder as charged in the Indictment by

making false sttatements in the Jury Charge instructions as to the Crime charged in the Indictment.

In other words, when officer's of the Court realized that the Indictment charged Applicant with Murder

by" acting alone **and** together" (to which Applicant Plead Not Guilty) the Jury Charge then became

part of the scheme to illegally convict applicant, by misleading the Jurors to believe that the Indictment

charged that Applicant "acted alone **or** together. ( Petitioner observes that if she had been a juror

reading and or hearing the charge read to her, she would have observed that the Applicant could not

first murder a victim **alone,** and then murder the same victim **again together** with other co

-defendant's thus therein lies a "reasonable doubt".

3.

Indeed the Indictment was read aloud in front of the Jurors when Prosecutor Cable read the charges in the indictment to Applicant and the co defendant. See **Exhibit # 26 Reporters Record Volume 5 of 9 Chadrick B. Pate page 8 lines 7 & 8 showing: Prosecutor Cable read aloud from the indictment that states "acting alone (and )together"**

and then see **page 11** where Prosecutor Rodriguez reminds the jury that Ms. Cable had just read the indictment to them lines 13-18. Now see page 12 lines 8,9, and 15 State Prosecutor repeatedly tells the jurors that the indictment that had just been read to them stated "alone( or )together" . Then see page 13 lines 5,6 and 8 where Rodriguez tells the jurors " When this indictment was read to you, it stated that Michael Jason

Underwood, Christopher Hall, Anthony Lee Ray; Chadrick B. Pate and Kevin Ray Tarton, "acting alone **or** together".

Petitioner contends that the Trial Court Judge drew the Jury Charge and misstated what the Indictment stated with the phrase "acted alone (**or)** together" and the Prosecutor repeatedly stated that the Indictment stated " alone (**or** ) together" in order to confuse the jury as to the charge actually made in the Indictment and that irreparable harm prejudice and injury to the Applicant occurred due to the fraudulent scheming actions of the Trial Court Judge who drew the charge, Officer's of the Court who pronounced over and over that the indictment stated what it did not, and the Defense Attorney's by their silence all participated in the scheme to illegally convict the Applicant by lying to the jurors and tampering with the government/court documents of the Indictment and the Jury Charge.

The fraudulent statements made by the trial court judge in the Jury Charge amounts to "tampering with a government/court document. The indictment is in fact a government/court document, and the Charge of the Court is a government Court document and thus because the Trial Court Judge made a false statement as to the Charge in the Indictment, and the Prosecutor made false statements as to charge in the Indictment ,then tampering with a government/court record is shown, and especially in light of the other government/court records that the Trial Court and it's officer's tampered with ie"

**(a).** submitting a fraudulent Severance Order to The 13th Court of Appeals Corpus Christi, Texas

4.

**(b).** submitting to The 13th Court of Appeals Corpus Christi, Texas a fraudulent Master Index in the co-defendant's Cause # A-08-5080-2Cr by identifying only 11 volumes of Court Reporters Records and failing to submit or list the 12th Volume in Court Reporter's Record dated 2/5/2015 Volume 5A of 11 Pre trial hearing S-08-5080-2 (this volume transcript shows that the Court committed fraud when they made it appear that Applicant was a part of the proceeding, when he was not present. See **Exhibits # 14** Reporter's Record Volume 5A of 11 and **Exhibit # 15** Master Index Christopher Hall Court Reporter's Record Volume 1-11.

**(c)** Making fraudulent entries onto the Applicant's Criminal Docket Sheet, making it appear that proceedings had been held in the Applicants Cause after he was granted a oral order on his Motion for Severance . See **Exhibit 4 Criminal Docket Sheet** and all entries made after 10/23/2015.

There are many more instances of tampering with government documents by the trial court and it's officers, and they are all contained in the previously filed Original and Amended Emergency Writs of Habeas Corpus in WR-78,-165-02.

**The Jury Charge
CHARGE OF THE COURT**

The jury was charged: "The defendant, Chadrick B. Pate , stands charged <u>by Indictment</u> with the offenses of Counts 1 Murder, alleged to have been committed on or about January 4, 2008 in Aransas County Texas".....and then under COUNT 1 pages 2 and 3 under #4 "Now if you find from the evidence beyond a reasonable doubt that on or about January 4, 2008, in Aransas County, Texas, the defendant, Chadrick B. Pate acting "alone (<u>or</u>) together

(the indictment does not charge "alone( **or** ) together" the indictment charges "alone (**and** ) together".)

**Definition of "or"** Webster's Dictionary: the word or is used to link <u>Alternatives</u>

**Definition of "and"** Webster's Dictionary: the word "and: used to connect words of the same part of speech, clauses, or sentences that are to be taken jointly used to introduce an additional comment

5.

The Jury found Applicant Guilty of Murder as Alleged in the INDICTMENT. The Trial Court Judge stated **verbatium** in the Charge See **Exhibit # 3  Jury Charge  page 1**

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

The defendant, CHADRICK B. PATE stands charged by **indictment** with the offenses of COUNTS 1 MURDER, alleged to have been committed on or about January 4, 2008, in Aransas County, Texas. The defendant is also alleged to have committed the offense of Aggravated Assault in Count 2 while ENGAGING IN ORGANIZED CRIMINAL ACTIVITY. The defendant has pleaded not guilty to each offense  you are instructed that the law applicable to this case is as follows:

### See Exhibit # 3 Jury Charge/Charge of the Court

The instructions to the jury on the law applicable to the case is listed on a total of 11 pages.

The instruction to the jury on the law applicable to Count 1 murder is contained in pages 1,2, and 3

Now see on **page 2** under instruction **4. "** Now if you find from the evidence beyond a reasonable doubt that on or about January 4, 2008 in Aransas County, Texas, the defendant CHADRICK B.

now see  continued on **page 3**

PATE , **acting alone( or) together"** with Michael Jason Underwood, Christopher Joseph Hall, Anthony  Lee  Ray, and Kevin Ray Tanton, did then and there intentionally or knowingly, cause the death of an  individual, namely, Aaron Watson by shooting the said Aaron Watson with a firearm, then you will  find the defendant guilty of Murder.

Either way, the jury did not find Applicant guilty  because he "acted alone or together", they found him guilty while "acting alone and together"  which is what the Indictment charged and what the Verdict Form  shows that the jury found him guilty of See **Exhibit # 25   Verdict Form . Specifically the Verdict form states:**

6.

**" Count 1"**

We the Jury, find the Defendant, Chadrick B. Pate, Guilty of Murder, **as alleged in the indictment.** Signed by presiding Juror Ronald H. Gore.

Again, there is no evidence absolutely none that the trial court record reveals that Applicant murdered Aaron Watson " alone **and** together" with others and shot Aaron Watson with a firearm. The evidence in the trial court record shows that Applicant was not even at the scene when the co -defendant murdered Aaron Watson, which is a element of being a party to the crime.

**CIPRIANO RAMON ALMANZA, JR, V. THE STATE OF TEXAS 686 S.W. 2D 157 (1984).**
**by Judge Teague.**

The Fort Worth Court of Appeals stated the following in Almanza v. State 645 S.W. 2D 885 (Tex. App.-Ft. Worth 1983: Although many recent opinions have off-handedly dismissed the changing of **"and"** in the indictment to **"or"** in the court's charge such approach is dangerous and usually fatal in matters where aggravation or **jurisdiction** is involved. In the instant cause of aggravated rape the indictment joined the allegation of threats of death to the standard form allegation of rape by the word **and**. In the court's charge, (however), the aggravation feature was disjoined from rape by the word **or**. Such constitutes fundamental error. **Messenger v. State. 638 S.W. 2D 883 (Tex. Cr. App. 1982).**

## CONCLUSION

The Trial Court and it's officer's set into play a scheme to convict the Applicant of a Crime that he did not commit, and as a part of many parts of that scheme , these officer's lied about the Charge stated in the indictment and even documented and changed the words of "AND" and "Or" to "deceive" the jurors.

Each and every part of the Scheme was designed and calculated to injure the rights of Applicant and because the scheme was made of many parts, it should be apparent from the trial court record that Applicant did not receive a fair and impartial trial.

7.

**NOTE TO COURT:** Any Exhibits mentioned and not attached to this document were previously filed in the Original Writs of Habeas Corpus filed on 5/19/2015 and 6/2/2015.

## PRAYER

### (THIS PRAYER INCORPORATES THE PRAYER OF THE PREVIOUSLY FILED ORIGINAL AND AMENDED EMERGENCY WRITS OF HABEAS CORPUS FILED RESPECTIBELY ON 5/19/2015 AND 6/2/2015)

Wherefore Petitioner Prays that the Court grant Chadrick B. Pate relief from which he is entitled in theses proceeding, that includes an Immediate Emergency Decision, an Order for his Immediate Release from Incarceration, Order Vacating and Dismissing the Void Judgment, Sentence, and Conviction, an Order Removing/Expunging the Conviction from all Judicial and Government Records, And an Order that Sanctions the Trial Court and it's Officers of the Court for the Fraud and due process violations inflicted upon Applicant Chadrick B Pate. And any other relief that is available to him.

Respectfully Submitted

Petitioner pro se

P.O. Box 772
Austin, TX 78767
512 487 0197
bardingema@yhoo.com

8.

# CERTIFICATE OF SERVICE

I do hereby certify that a true copy of the above and foregoing

**SUPPLEMENT TO PREVIOUSLY FILED ORIGINAL and AMENDED EMERGENCY**

**WRITS OF HABEAS CORPUS PROCEEDINGS IN WR-78,-165-02 CHADRICK B. PATE**

**adding additional CLAIM/GROUNDS for relief**

was mailed regular mail with the proper postage affixed on this 15th h day of June 2015 to the following parties,

Office of the Aransas County District Attorney
301 North Live Oak Street
Rockport, Texas 78382

Jana K. Whately Trial Judge
P O Box 700
Sinton, Texas 78797

Texas Department of Criminal Justice
TDJC Executive Director Brad Livingston
209 West 14th Street
5th Floor Price Daniel Bldg.
Austin, Texas 78701
512-463-9988

and

The Texas Criminal Court of Appeals
209 West 14th Street
Austin Texas 78701

NEMA BARDIN PETITIONER

9.

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO. WR-78,165-02


## SUPPLEMENT TO PREVIOUSLY FILED AMENDED EXHIBIT LIST
### adding Exhibits # 25 and #26 to previously filed exhibits 1-24


### EXHIBIT LIST
### Cover Sheet

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO. WR-78,165-02

## SUPPLEMENT TO PREVIOUSLY FILED AMENDED EXHIBIT LIST
### adding Exhibits # 25 and #26 to previously filed exhibits 1-24

**Exhibit # 25 Verdict Form**

**Exhibit # 26 Reports Record Volume 5 -9**

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO. WR-78,165-02

## COVER SHEET EXHIBIT # 26

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO. WR-78,165-02

## COVER SHEET EXHIBIT # 25

Exhibit # 25

Cause No. A-08-5080-2-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | ARANSAS COUNTY, TEXAS |
| CHADRICK B. PATE | § | 36TH JUDICIAL DISTRICT |

## VERDICT FORMS

### COUNT ONE

We, the Jury, find the Defendant, CHADRICK B. PATE, GUILTY of MURDER, as alleged in the indictment.

_____
PRESIDING JUROR

**OR**

We, the Jury, find the Defendant, CHADRICK B. PATE, NOT GUILTY of MURDER.

_____
PRESIDING JUROR

If you find the Defendant not guilty of Murder as alleged in Count One, then proceed to Count Two.

Exhibit # 26

The Rule
614

Page 12
Lac of Penth
says

# REPORTERS RECORD

# VOLUME 5 OF 9

## THE STATE OF TEXAS
## VS.
## CHADRICK B PATE

R E P O R T E R ' S    R E C O R D

VOLUME *5* OF *9* VOLUMES

Trial Court Cause Number A-08-5080-4-CR

THE STATE OF TEXAS       *      IN THE DISTRICT COURT OF

                               *

VS.                        *      ARANSAS COUNTY, TEXAS

                               *

CHADRICK B. PATE       *      36TH JUDICIAL DISTRICT

---

*JURY TRIAL*
*Guilt/Innocence*

---

A P P E A R A N C E S

**COUNSEL FOR THE STATE:**
     **MR. MARCELINO RODRIGUEZ**
     **MS. RETHA CABLE**
     ASSISTANT DISTRICT ATTORNEY
     36th Judicial District
     San Patricio County Courthouse
     P. O. Box 1393
     Sinton, Texas     78387
     Tel:   361-364-6220
     Fax:   361-364-4978
     SBN:   24046959
         00785741

**COUNSEL FOR THE DEFENDANT:**
     **MR. JOHN S. GILMORE**
     ATTORNEY AT LAW
     P. O. Box 276
     622 South Tancahua
     Corpus Christi, Texas     78403
     Tel:   361-882-4378
     Fax:   361-882-3635
     SBN:   07958500

COPY

On the **9th** day of **February, 2009**, the following proceedings came on for trial in the above-entitled and numbered cause in said Court, **HONORABLE JANNA K. WHATLEY,** Judge Presiding, held in Rockport, Aransas County, Texas: Proceedings were reported by machine shorthand.

court reporter to read back a record. It's not -- again, not like television.

All right. Anything else, guys? Other instructions?

MS. CABLE: No, Your Honor.

THE COURT: All right. Very good.

All right. Are we going to arraign the defendants separately? Is that how you want to do it or what do y'all think? You want to do it together?

MS. CABLE: You want me to read it twice or just read it once and have them enter their --

THE COURT: Y'all have any objection to just reading it once and led the individual pleas --

MR. GILMORE: I don't have any objection to that, Judge --

THE COURT: They are identical indictments; is that correct?

MR. GILMORE: They are.

MR. TURPIN: No objection.

THE COURT: All right. Gentlemen, if y'all will please stand while the State reads the charges to you out loud.

(Defendants complied.)

MS. CABLE: In the name and by the authority of the state of Texas, Count One, comes now the grand

jurors for the county of Aransas, State aforesaid, duly selected, organized, impaneled and sworn as such at the April term, A.D. 2008, of the 36th Judicial District Court in and for said county, a quorum thereof being present, upon their oaths present in and to said Court that Michael Jason Underwood, Christopher Joseph Hall, Anthony Lee Ray, Chadrick B. Pate and Kevin Ray Tanton, acting alone and together, on or about the 4th day of January A.D. 2008 and anterior to the presentment of this indictment, in the county and state aforesaid did, then and there, intentionally or knowingly cause the death of an individual -- namely, Aaron Watson -- by shooting the said Aaron Watson with a firearm.

Count Two; and the grand jurors aforesaid upon their oaths aforesaid do further present in and to said Court that Michael Jason Underwood, Christopher Joseph Hall, Anthony Lee Ray, Chadrick B. Pate and Kevin Ray Tanton, acting alone and together, on or about the 4th day of January A.D. 2008, anterior to the presentment of this indictment, in the county and state aforesaid did, then and there, intentionally, knowingly, or recklessly cause serious bodily injury to Aaron Watson by shooting the said Aaron Watson with a handgun, the same being a firearm.

And the defendants did, then and there,

*commit said offense with the intent to establish, maintain, or participate in a combination or in the profits of a combination who collaborated in carrying on said criminal activity.*

*Against the peace and dignity of the State, signed by the foreman of the grand jury.*

THE COURT: All right. Mr. Hall, how do you plead to the allegations contained in Count One of the State's indictment?

DEFENDANT HALL: Not guilty.

THE COURT: And as to Count Two?

DEFENDANT HALL: Not guilty, also.

THE COURT: Thank you.

Mr. Pate, how do you plead as to the allegations contained in Count One of the State's indictment?

DEFENDANT PATE: I'm not guilty.

THE COURT: And Count Two.

DEFENDANT PATE: I'm not guilty.

THE COURT: All right. Thank you.

And, ladies and gentlemen, the reason I'm going in a certain order, I'm going to go in the order that the State has named the defendants in the indictment. Mr. Hall's name was named first and Mr. Pate's name was named second. There's no method to my madness. I've got

thing that guy did a minute ago." We don't do that. Neither party may do that during the case. And the lawyers -- the witnesses can't talk to anybody but the lawyers involved in the case. And so that's what that was just now.

All right. Mr. Rodriguez, State wish to make an opening?

MR. RODRIGUEZ: Yes, Your Honor.

THE COURT: All right.

MR. RODRIGUEZ: May it please the Court, Counsel.

**BY MR. RODRIGUEZ:**

Good afternoon, ladies and gentlemen. Ms. Cable just read the indictment and that indictment serves a good purpose. First off, it tells you about the elements of the offense that are charged and it also lets you know exactly what you're looking at as far as what the offenses are going to be.

Now, at this point in time, I'm going to talk to you a little bit about some of the witnesses you're going to be hearing from over the next couple of days. And to understand, we're going to try to get through this case as quickly as possible, but you have to understand it is a serious case so we're going to take the time that's necessary.

Now, we're going to begin basically by telling you a little bit about what happened the night of January the 4th, 2008. We're going to tell you that on or about that time, the address, 909 North Tenth Street in Fulton, Texas, Aransas County -- remember, we're talking about the elements -- on or about January 4th, 2008, in Aransas County. The allegations we have here is that the defendants, acting alone or together with other co-defendants -- acting alone or together, did, then and there, intentionally and knowingly cause the death of an individual, Aaron Watson, by shooting the said Aaron Watson with a firearm.

And, again, in Count Two we're alleging the law of parties; that on or about January 4th, 2008, in Aransas County, Texas, the defendants, acting alone or together, did, then and there, intentionally, knowingly, or recklessly cause serious bodily injury to Aaron Watson by shooting the said Aaron Watson with a handgun.

And it is further noted when we talked about this particular indictment that was read to you *and the defendants did, then and there, commit said offense with the intent to establish, maintain, participate in a combination or the profits of a combination collaborated and carried out said criminal activity.* Basically that they conspired with each other to commit this

particular offense.

Now, there's going to be some interesting things going on in this particular case, some of the things you must consider. First off, you're going to be hearing from other co-defendants. When this indictment was read to you, it stated that Michael Jason Underwood, Christopher Joseph Hall, Anthony Lee Ray, Chadrick B. Pate and Kevin Ray Tanton, acting alone or together. So there were other people here that are not before you. And they're going to testify in this particular case and they're going to tell you that there was a deal made for them to testify.

Let's talk a little bit about this case as far as what happened that night at 909 North Tenth Street in Fulton. You're going to be hearing from the witnesses that around 2:30 in the morning on January the 4th, 2008, that there was a disturbance going on at that residence. There's going to be a lady by the name of Yvette Garcia's going to testify that she heard some noises like a fight going on next door. She's going to tell you that she turned on her lights, looked out to see what was going on. She's going to say that she saw two little girls come onto her property.

Two girls are going to be identified as Jessica Watson and Meghan Watson. And they're going to sit here and they're going to testify as well. One's 11 and one is 13.